HUBER ET UX v. GORDY ET AL.

(November 13, 1928. Opinion and Decree.)

Weiss, Yarrut & Stich, of New Orleans, attorneys for plaintiffs and appellees.

Lemle, Moreno & Lemle, of New Orleans, attorneys for defendants and appellants.

JANVIER, Judge ad hoc. Mr. and Mrs. J. A. Huber were the owners of a certain double dwelling at 2024 and 2026 Franklin Avenue in New Orleans. They decided to do certain remodeling and, for this pur-

pose, employed one, of the defendants, M. B. Gordy, as contractor. The plans and specifications were accepted, the price was agreed upon and the contract was made. The contractor was required to furnish a bond and on this bond the Union Indemnity Company, the other defendant, was surety.

The plaintiffs contend that a number of items called for in the contract, were omitted, and that, they were required, at their own expense, to have these completed. They also contend that they were required to pay Abry Bros., house movers and raisers, $100.00 for the shoring of the building and that they paid this sum because when Gordy, the contractor, attempted to do the work, it was mutually agreed that he was not properly equipped to do it and that it would be for the benefit of all parties, that it be done by a well equipped house raising concern, the bill to be paid by the plaintiffs and charged to the defendants.

The sole question in controversy is whether or not the plaintiffs were justified or authorized in employing Abry Bros. and, thereafter, whether or not the $100.00 paid to Abry Bros, is due to plaintiffs by the contractor and his surety.

It will be readily seen that only questions of fact are involved. The evidence does not seem to preponderate either way. Mr. and Mrs. Huber testify that the defendant, Gordy, positively agreed that Abry Bros. should be employed and that he would be responsible for the bill. Gordy and his brother-in-law and another workman testify to the contrary. There are some circumstances which appear to us to be rather favorable to Gordy's contention. For instance, Mr. and Mrs. Huber states that Gordy agreed to the employment of Abry Bros. without knowing what the bill would be. This is rather odd, because it seems that there were any number of controversies between the parties, and they were dealing, at that time, at arm's length. Another thing, which we find a little bit difficult to understand, is why the trial judge should have rejected the plaintiffs' demands on all other items and rendered judgment in their favor on the one remaining item.

Nevertheless, we do not believe that the record justifies us in reversing the findings of the trial judge. He saw and heard all of the witnesses and there must have been something in their manner of testifying or in their appearance when testifying, which justified him in believing that the plaintiffs were giving the true version of the affair.

For these reasons it is ordered, adjudged and decreed that the judgment appealed from be affirmed.